HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California  94111-3941
Telephone:  (415) 288-9800
Fax:  (415) 288-9801
Email:  tmf@hassard.com

Attorneys for Defendant
INTEGRA LIFESCIENCES CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM ESTHEIMER and KRISTEN ESTHEIMER,<br><br>Plaintiffs,<br><br>vs.<br><br>INTEGRA NEUROSCIENCES, INC., a corporation, INTEGRA LIFESCIENCES, INC., a corporation, SHELHIGH, INC., a corporation, SHLOMO GABBAY, M.D., an individual, and DOES ONE through TEN, inclusive,<br><br>Defendants. | No. CV08-3164-EMC<br><br>**ANSWER AND DEFENSES OF DEFENDANT INTEGRA LIFESCIENCES CORPORATION TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY** |

Now Comes Defendant INTEGRA LIFESCIENCES CORPORATION (also identified improperly in Plaintiffs' Complaint as "Integra Neurosciences, Inc.") ("Integra"), by and through counsel, and answers Plaintiffs' Complaint as follows:

Integra incorporates the following into its responses to each paragraph below: Integra denies each allegation in Plaintiffs' Complaint except those expressly admitted. Integra also states that to the extent that allegations in Plaintiffs' Complaint refer generally to "Integra Defendants" or "Defendants," Integra answers said allegations only as to itself.  To the extent that allegations in Plaintiffs' Complaint  refer to defendants or entities other than Integra, Integra states that it lacks knowledge

-1-

1  sufficient to form a belief as to the truth of those allegations and, therefore, Integra
2  denies such allegations.

### DEMAND FOR JURY TRIAL

4    1.    Integra states that Paragraph 1 of Plaintiffs' Complaint does not require a
5  responsive pleading.

### PRELIMINARY ALLEGATIONS

7    2.    Integra is without knowledge or information sufficient to form a belief as
8  to the truth of the allegations concerning Plaintiff's neurosurgical procedure or medical
9  treatment, and, accordingly denies those allegations.    Answering further, Integra
10 denies that it produced or manufactured the dural patch allegedly implanted in Plaintiff
11 (hereinafter, the "Dural Graft").  Integra is without knowledge or information sufficient
12 to form a belief as to the truth of the allegations concerning the distribution and sale of
13 the Dural Graft, and, accordingly denies those allegations.  Integra denies that the
14 Dural Graft was "contaminated" or otherwise defective at the time of any alleged sale.
15 Integra further denies that its conduct caused any injury to Plaintiffs.  Integra denies
16 each and every other allegation in Paragraph 2 of Plaintiffs' Complaint directed to it.
17 Integra is without knowledge or information sufficient to form a belief as to the truth of
18 the allegations directed to other defendants (hereinafter "Other Defendants") in
19 Paragraph  2, and, accordingly denies those allegations.

20    3.    Integra admits only that Endura products were manufactured by
21 Shelhigh, Inc. ("Shelhigh"), and distributed by Integra.  Integra is without knowledge
22 or information sufficient to form a belief as to the truth of the allegations concerning
23 the distribution and sale of the Dural Graft, Plaintiff's neurosurgical procedure, and
24 medical treatment, and, accordingly denies those allegations.  Integra denies that the
25 Dural Graft was "contaminated" or otherwise defective at the time of any alleged sale.
26 Integra further denies that its conduct caused any injury to Plaintiffs.   Integra denies
27 any and all remaining allegations in Paragraph 3 of Plaintiffs' Complaint directed to it.
28 Integra is without knowledge or information sufficient to form a belief as to the truth of

the allegations directed to Other Defendants in Paragraph 3, and, accordingly denies those allegations.

## JURISDICTION AND VENUE

4.    Integra states that Paragraph 4 of Plaintiffs' Complaint alleges purported conclusions of law concerning jurisdiction and venue to which no response is required, rather than allegations of fact.   To the extent a response is required to Plaintiffs' conclusions of law, Integra denies such allegations.   Integra admits that Plaintiffs allege that they are residents of California, but Integra is without knowledge or information sufficient to form a belief as to the truth of those allegations.   Integra admits that it is a Delaware Corporation with its principal place of business in New Jersey and that from time to time it transacts business in California.   Integra further admits that Plaintiffs purport to seek damages, as alleged, but denies that Plaintiffs are entitled to any such damages.   Integra denies any and all remaining allegations in Paragraph 4 directed to it.

## PARTIES

5.    Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiffs' Complaint, and, accordingly, denies those allegations.

6.     Integra denies the allegations in Paragraph 6 of Plaintiffs' Complaint that are directed to it.  Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Other Defendants in Paragraph 6, and, accordingly denies those allegations.

7.     Integra admits only that it is a Delaware Corporation that transacts business in California from time to time and that it manufactures, distributes, and sells medical devices. Integra denies that it manufactured, produced, or marketed the Dural Graft allegedly implanted in Plaintiff. Integra is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 7 of Plaintiffs' Complaint concerning the distribution and/or sale of the Dural Graft

allegedly implanted into Plaintiff, and, accordingly denies those allegations. Integra denies any and all remaining allegations in Paragraph 7 directed to it. Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Other Defendants in Paragraph 7, and, accordingly denies those allegations.

8.    Integra is without knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 8 of Plaintiffs' Complaint concerning Plaintiffs' knowledge of John Doe defendants, and, accordingly, denies those allegations. Integra denies all remaining allegations in Paragraph 8 directed to it. Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Other Defendants in Paragraph 8, and, accordingly denies those allegations.

9.    Integra admits that Plaintiffs purport to identify all defendants collectively as "Defendants" in Paragraph 9 of Plaintiffs' Complaint, but denies that such characterization is accurate. Answering further, as noted in the Preamble to this Answer, Integra answers only for itself.

10.    Integra denies the allegations in Paragraph 10 of Plaintiffs' Complaint directed to it. Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Other Defendants in Paragraph 10, and, accordingly denies those allegations.

11.    Integra denies the allegations in Paragraph 11 of Plaintiffs' Complaint directed to it. Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Other Defendants in Paragraph 11, and, accordingly denies those allegations.

## FACTUAL ALLEGATIONS

12.    Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's neurosurgery, alleged implantation of the Dural Graft, and manufacture, distribution, and sale of the Dural Graft, and,

-4-

1  accordingly, denies those allegations. Integra denies any and all remaining allegations

2  in Paragraph 12 of Plaintiffs' Complaint directed to it. Integra is without knowledge or

3  information sufficient to form a belief as to the truth of the allegations directed to

4  Other Defendants in Paragraph 12, and, accordingly denies those allegations.

5      13.    Integra is without knowledge or information sufficient to form a belief as

6  to the truth of the allegations in Paragraph 13 of Plaintiffs' Complaint, and,

7  accordingly, denies those allegations.

8      14.    Integra denies that Plaintiffs' characterization of the FDA's investigation

9  of Shelhigh is complete or accurate. Integra further denies that FDA's seizure included

10  the Dural Graft allegedly implanted in Plaintiff or that the Dural Graft was not in

11  compliance with FDA requirements. Integra specifically denies the allegation that it

12  violated the Code of Federal Regulations in any respect. Integra denies any and all

13  remaining allegations in Paragraph 14 of Plaintiffs' Complaint directed to it. Integra is

14  without knowledge or information sufficient to form a belief as to the truth of the

15  allegations directed to Other Defendants in Paragraph 14, and, accordingly denies

16  those allegations.

17      15.    Integra specifically denies that the Dural Graft was contaminated at the

18  time of any alleged sale or by any act or omission of Integra. Integra is without

19  knowledge or information sufficient to form a belief as to the truth of the remaining

20  allegations in Paragraph 15 of Plaintiffs' Complaint, and, accordingly denies those

21  allegations. Answering further, Integra states that any alleged notification Plaintiff

22  received speaks for itself.

23      16.    Integra denies the allegations in Paragraph 16 of Plaintiffs' Complaint.

24      16a.    Integra denies the allegations in Paragraph 16a of Plaintiffs' Complaint.

25  ### **FIRST CAUSE OF ACTION**

26  ### **[Strict Product Liability: Failure to Warn]**

27      17.    Integra incorporates its responses to Paragraphs 1 through 16a of

28  Plaintiffs' Complaint as if fully set forth herein.

18.    Integra denies that it designed, manufactured, or marketed the Dural Graft to Plaintiff's doctors and hospitals.  Integra is without knowledge or information sufficient to form a belief concerning the sale or distribution of the Dural Graft to Plaintiff's doctors and hospitals, and, accordingly, denies those allegations.   Integra denies any and all remaining allegations in Paragraph 18 of Plaintiffs' Complaint directed to it.   Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Other Defendants in Paragraph 18, and, accordingly denies those allegations.

19.    Integra admits that infection is a well known risk of any surgical procedure, particularly neurological surgery, and it is warned about in the labeling for the Dural Graft. Integra denies the allegation that the Dural Graft was contaminated at the time of any alleged sale or due to any act or omission of Integra. Integra admits that it has been aware of the risks of implantation of dural grafts generally but denies that the Dural Graft was contaminated prior to its alleged sale or due to any act or omission of Integra.  Integra further denies any and all remaining allegations in Paragraph 19 of Plaintiffs' Complaint directed to it.   Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Other Defendants in Paragraph 19, and, accordingly denies those allegations.

20.    Integra admits that infection is a well known risk of any surgical procedure, particularly neurological surgery, and it is warned about in the labeling for the Dural Graft. Integra denies that implantation of the Dural Graft presented any danger to Plaintiff or the general public greater than the danger inherent to implantation of any dural graft in neurosurgery.   Integra denies any and all remaining allegations directed to it in Paragraph 20 of Plaintiffs' Complaint.   Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Other Defendants in Paragraph 20, and, accordingly, denies those allegations.

21.    Integra denies the allegations in Paragraph 21 of Plaintiffs' Complaint.

Case No. CV08-3164-EMC
ANSWER & DEFENSES OF DEF.  INTEGRA LIFESCIENCES CORP.  TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY
P:\Wdocs\HBMAIN\02608\00005\00315928.DOC-72808

22.     Integra denies that the Dural Graft was defective in any manner.  Integra further denies that it failed to warn of any potential risk for implantation of the Dural Graft. Integra denies that the Dural Graft was contaminated prior to its alleged sale or due to any act or omission of Integra.  Integra admits that infection is a well known risk of any surgical procedure, and it is warned about in the labeling for the Dural Graft. Integra denies any and all remaining allegations directed to it in Paragraph 22 of Plaintiffs' Complaint.  Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Other Defendants in Paragraph 22, and, accordingly denies those allegations.

23.     Integra denies the allegations in Paragraph 23 of Plaintiffs' Complaint.

24.     Integra denies the allegations in Paragraph 24 of Plaintiffs' Complaint directed to it.   Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Other Defendants in Paragraph 24, and, accordingly denies those allegations.

25.     Integra denies the allegations of Paragraph 25 of Plaintiffs' Complaint directed to it. Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Other Defendants in Paragraph 25, and, accordingly denies those allegations.

26.     Integra denies the allegations of Paragraph 26 of Plaintiffs' Complaint directed to it.  Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Other Defendants in Paragraph 26, and, accordingly denies those allegations.

## SECOND CAUSE OF ACTION

### [Manufacturing Defect]

27.     Integra incorporates its responses to Paragraphs 1 through 26 of Plaintiffs' Complaint as if fully set forth herein.

28.     Integra denies the allegations of Paragraph 28 of Plaintiffs' Complaint directed to it.    Integra is without knowledge or information sufficient to form a belief

Case No. CV08-3164-EMC
ANSWER & DEFENSES OF DEF.  INTEGRA LIFESCIENCES CORP.  TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY
P:\Wdocs\HBMAIN\02608\00005\00315928.DOC-72808

1  as to the truth of the allegations directed to Other Defendants in Paragraph 28, and,
2  accordingly denies those allegations.

3                              **THIRD CAUSE OF ACTION**

4                                    **[Negligence]**

5        29.    Integra incorporates its responses to Paragraphs 1 through 29 of
6  Plaintiffs' Complaint as if fully set forth herein.

7        30.    Integra denies the allegations in Paragraph 30 of Plaintiffs' Complaint
8  that it manufactured or designed the Dural Graft.  Integra is without knowledge or
9  information sufficient to form a belief as to the truth of the allegations concerning the
10 marketing, distribution, and sale of the Dural Graft, and, accordingly denies those
11 allegations. Insofar as Paragraph 30 alleges purported conclusions of law concerning
12 legal duties, rather than allegations of fact, no response is required.  To the extent a
13 response is required to those allegations, Integra denies those allegations. Integra
14 denies any and all remaining allegations directed to it. Integra is without knowledge or
15 information sufficient to form a belief as to the truth of the allegations directed to
16 Other Defendants in Paragraph 30, and, accordingly denies those allegations.

17       31.    Integra denies the allegations in Paragraph 31 of Plaintiffs' Complaint
18 directed to it. Integra is without knowledge or information sufficient to form a belief as
19 to the truth of the allegations directed to Other Defendants in Paragraph 31, and,
20 accordingly denies those allegations.

21       32.    Integra denies the allegations in Paragraph 32 of Plaintiffs' Complaint
22 directed to it. Integra is without knowledge or information sufficient to form a belief as
23 to the truth of the allegations directed to Other Defendants in Paragraph 32, and,
24 accordingly denies those allegations.

25       33.    Integra denies the allegations in Paragraph 33 of Plaintiffs' Complaint
26 directed to it. Integra is without knowledge or information sufficient to form a belief as
27 to the truth of the allegations directed to Other Defendants in Paragraph 33, and,
28 accordingly denies those allegations.

Case No. CV08-3164-EMC
ANSWER & DEFENSES OF DEF.  INTEGRA LIFESCIENCES CORP.  TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY
P:\Wdocs\HBMAIN\02608\00005\00315928.DOC-72808

34.    Integra denies the allegations in Paragraph 34 of Plaintiffs' Complaint directed to it. Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Other Defendants in Paragraph 34, and, accordingly denies those allegations.

Integra admits that Plaintiffs purport to seek the relief requested in the corresponding paragraph of Plaintiffs' Complaint beginning, "WHEREFORE," but denies that Plaintiffs are entitled to same, or, any recovery whatsoever.

## FOURTH CAUSE OF ACTION

### [Fraud by Concealment]

35.    Integra incorporates its responses to Paragraphs 1 through 34 of Plaintiffs' Complaint as if fully set forth herein.

36.    Integra states that Paragraph 36 of Plaintiffs' Complaint alleges purported conclusions of law to which no response is required, rather than allegations of fact.  To the extent a response is required, Integra denies the allegations. Integra denies any and all remaining allegations in Paragraph 36 directed to it. Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Other Defendants in Paragraph 36, and, accordingly denies those allegations.

37.    Integra denies the allegations in Paragraph 37 of Plaintiffs' Complaint directed to it. Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Other Defendants in Paragraph 37, and, accordingly denies those allegations.

38.    Integra is without knowledge or information sufficient to form a belief concerning the awareness of Plaintiff or his physicians of unspecified alleged facts or their hypothetical conduct, and, accordingly, denies those allegations.  Integra denies any and all remaining allegations in Paragraph 38 of Plaintiffs' Complaint directed to it. Integra is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to Other Defendants in Paragraph 38, and, accordingly

Case No. CV08-3164-EMC
ANSWER & DEFENSES OF DEF.  INTEGRA LIFESCIENCES CORP.  TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY
P:\Wdocs\HBMAIN\02608\00005\00315928.DOC-72808

1    denies those allegations.

2        39.    Integra denies the allegations in Paragraph 39 of Plaintiffs' Complaint.

3        40.    Integra denies the allegations in Paragraph 40 of Plaintiffs' Complaint

4    directed to it. Integra is without knowledge or information sufficient to form a belief as

5    to the truth of the allegations directed to Other Defendants in Paragraph 40, and,

6    accordingly denies those allegations.

7        Integra admits that Plaintiffs purport to seek the relief requested in the

8    corresponding paragraph of the Complaint beginning, "WHEREFORE," but denies

9    that Plaintiffs are entitled to same, or, any recovery whatsoever.

10                    **FIFTH CAUSE OF ACTION**

11            **ON BEHALF OF PLAINTIFF KRISTEN ESTHEIMER**

12                    **[Loss of Consortium]**

13        41.    Integra incorporates its responses to Paragraphs 1 through 40 of

14    Plaintiffs' Complaint as if fully set forth herein.

15        42.    Integra is without knowledge or information sufficient to form a belief as

16    to the truth of the allegations in Paragraph 42 of Plaintiffs' Complaint, and,

17    accordingly, denies those allegations.

18        43.    Integra denies the allegations in Paragraph 43 of Plaintiffs' Complaint

19    directed to it. Integra is without knowledge or information sufficient to form a belief as

20    to the truth of the allegations directed to Other Defendants in Paragraph 43, and,

21    accordingly denies those allegations.

22        Integra admits that Plaintiffs purport to seek the relief requested in the

23    corresponding paragraph of the Complaint beginning, "WHEREFORE," but denies

24    that Plaintiffs are entitled to same, or, any recovery whatsoever.

25                        **DEFENSES**

26        Pleading further, Integra asserts the following defenses to the Complaint and

27    reserves its right to amend or supplement these defenses as further information

28    becomes available through discovery:

-10-

1.     Plaintiffs' Complaint is barred against Integra because it fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2.     To the extent that discovery may show or demonstrate, Plaintiffs' choice of venue is improper and Integra reserves the right to move for change of venue in the future.

3.     Plaintiffs' Complaint is barred in whole or in part against Integra because it fails to name a necessary and/or indispensable party.

4.     Integra is not a proper party.

5.     To the extent that discovery may show or demonstrate, this Court lacks personal jurisdiction over Integra.

6.     Plaintiffs' claims are barred as a result of laches, waiver and/or estoppel.

7.     Plaintiffs' Complaint is barred by the applicable statutes of limitation and/or statutes of repose

8.     To the extent that discovery may show or demonstrate, this Court lacks subject matter jurisdiction over the claims in Plaintiffs' Complaint.

9.     Plaintiffs' claims are barred by the doctrine of unclean hands, laches, waiver and/or estoppel.

10.     Plaintiffs lack standing to assert the claims alleged in the Complaint.

11.     Plaintiffs have failed to plead their claims with sufficient particularity.

12.     The Dural Graft allegedly at issue in this litigation has been formulated, designed, tested, manufactured, distributed, and labeled in accordance with the provisions of the federal Food, Drug and Cosmetic Act and any regulations promulgated thereunder.   Therefore, Plaintiffs' claims are preempted or barred by federal law and regulation.

13.     Plaintiffs' claims against Integra are barred by the doctrine of primary jurisdiction.

Case No. CV08-3164-EMC
ANSWER & DEFENSES OF DEF.  INTEGRA LIFESCIENCES CORP.  TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY
P:\Wdocs\HBMAIN\02608\00005\00315928.DOC-72808

14.     At the time the Dural Graft left the control of Integra, it was in conformity with the generally recognized state of the art applicable to the safety of the product at the time it was designed, manufactured, packaged, labeled, or distributed.

15.     Plaintiffs' claims are barred because at the time the Dural Graft allegedly at issue in this litigation left Integra's control, it complied with applicable codes, standards, regulations, and specifications established, adopted, promulgated or approved by the United States or by California law, or by an any agency of the United States or California.  The Dural Graft was reasonably fit, suitable, and safe for its intended purposes.

16.     The Dural Graft at issue in this litigation was modified, altered, or changed from the condition in which it was sold, which modification, alteration, or change caused or contributed to cause Plaintiffs' alleged damages.

17.     The Dural Graft at issue in this litigation conformed precisely in all ways to its specifications and performance standards and posed no danger in its manufacture and composition.

18.     Plaintiffs' claims are barred because at the time the Dural Graft at issue in this litigation left Integra's control, a practical and technically feasible alternative design was not available that would have prevented the harm for which Plaintiffs seek to recover damages without substantially impairing the reasonably anticipated or intended function of the Dural Graft.

19.     Plaintiffs' damages, if any, were caused by inherent characteristics of the Dural Graft that are generic aspects of the Dural Graft that cannot be eliminated without substantially compromising its usefulness or desirability.  Further, all reasonable precautions consistent with legal duties and obligations were taken to protect third parties from any dangers posed by the inherent characteristics of the Dural Graft.

20.     The benefits of the Dural Graft outweigh the risk of danger or harm, if any, inherent in it.

-12-

21.    Integra had no duty to warn about any possible dangers that were not known at the time of manufacture and sale of the Dural Graft in question.

22.    The Dural Graft was sold in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed in accordance with and pursuant to all applicable regulations of the Federal Food and Drug Administration.

23.    Based on the state of scientific, medical, and technological knowledge at the time it was marketed, the Dural Graft was reasonably safe for its normal and foreseeable uses.  In light of the existing reasonably available medical, scientific, and technological knowledge, the design characteristics, if any, that allegedly caused the damages Plaintiffs Complaint of, or the alleged risk of such characteristics, could not have been known.

24.    Integra's actions conformed to the state of the art of reasonably available scientific and technological knowledge at all times relevant to this lawsuit.  At the time the Dural Graft left the control of Integra, it was in conformity with the generally recognized state of the art applicable to the safety of the product at the time the product was designed, manufactured, packaged, or labeled.

25.    Integra at all times discharged its duty to warn through appropriate and adequate warnings in accordance with federal statutes and regulations consistent with the existing state of medical and scientific knowledge.

26.    If Plaintiffs sustained damages by reason of the matters alleged in the Complaint, which is denied, then said damages were caused solely by or contributed to by the acts or fault of third parties and were not caused or contributed to by any acts or fault of Integra, its officers, agents, contractors, servants, employees, or others for whom it was responsible.

27.    Plaintiffs' damages, if any, were proximately caused by unforeseeable, independent, intervening, or superseding events beyond the control, and unrelated to

the conduct of Integra.  The actions and omission of Integra, if any, were superseded by such unforeseeable, independent, intervening, and superseding events.

28.    The injuries and damages claimed by Plaintiffs resulted from Plaintiffs' own conduct so that Plaintiffs' claims are barred, in whole or in part, by the comparative negligence, fault, or responsibility of causation attributed to Plaintiffs. Thus, Plaintiffs' claims should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence.  Plaintiffs' recovery of damages, if any exist, must be reduced by the comparative negligence and/or fault of Plaintiffs and/or other persons, including responsible non-parties, pursuant to California law.

29.    The injuries and damages claimed by Plaintiffs were caused, in whole or in part, by acts or omission of persons other than Integra, over whom Integra had no control.    Therefore, any recovery by Plaintiffs should be apportioned in direct proportion to such fault in accordance with applicable law.

30.    The injuries and damages sustained by Plaintiffs were directly and proximately caused by the failure of Plaintiffs to heed warnings and instructions. Therefore no recovery is available to Plaintiffs.

31.    If Plaintiffs sustained damages as alleged in the Complaint, which is denied, Plaintiffs failed to mitigate their damages.

32.    Plaintiffs' misuse of the product, which was not reasonably foreseeable, caused Plaintiffs' alleged damages, if any, and Plaintiffs' claims therefore may be barred or reduced by applicable law.

33.    Plaintiffs' claims are barred to the extent the injuries alleged in the Complaint were caused or enhanced by pre-existing or unrelated medical, genetic, environmental conditions, diseases or illnesses, and/or by Plaintiffs' own idiosyncratic reaction, and/or by operation of nature.

34.    Plaintiffs' claims are barred on the grounds that Plaintiffs knew, or in exercise of ordinary care should have known, of the risks of the injuries or damages alleged in the Complaint, if any, and nevertheless, did freely and voluntarily assume

-14-

1   said risks, and in this undertaking proximately caused and contributed to the losses,

2   injuries, or damage, if any, alleged by Plaintiffs.

3       35.     Plaintiff's physicians and other medical care providers, and their agents,

4   servants and employees, were learned intermediaries who had a duty to warn Plaintiffs

5   of any alleged potential complications that might result from use of the Dural Graft.

6   Plaintiff's physicians and other medical care providers possessed adequate information

7   concerning warnings, precautions, and potential complications for those physicians and

8   other medical care providers to assess the risks versus benefits of the product.

9   Therefore, Plaintiffs' claims are barred.

10      36.     Plaintiffs' claims are barred, in whole or in part, from recovery due to

11  spoliation of evidence.

12      37.     To the extent Plaintiffs seek exemplary or punitive damages, the

13  Complaint fails to allege facts sufficient to entitle Plaintiffs to an award of exemplary

14  or punitive damages.

15      38.     To the extent Plaintiffs seek exemplary or punitive damages, such

16  damages are prohibited under the Fifth, Eighth, and Fourteenth Amendments of the

17  United States Constitution and are limited or barred by California law.

18      39.     To the extent Plaintiffs seek exemplary or punitive damages, Integra

19  specifically incorporates by reference all standards and/or limitations regarding the

20  determination and enforceability of punitive damage awards which arise in the

21  decisions of *BMW of North America v. Gore,* 517 U.S. 559 (1996)*, Cooper Industries,*

22  *Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), and *State Farm Mut. Auto.*

23  *Ins. Co. v. Campbell,* 123 S. Ct. 1513, 1519, 1521 (2003).

24      40.     Integra did not act in an outrageous manner, nor with willful and reckless

25  disregard of Plaintiffs' interests.  Accordingly, Plaintiffs are not entitled to an award of

26  punitive or exemplary damages.

27      41.     Integra did not fail to disclose or conceal a material fact with intent to

28  defraud.

-15-

42.     To the extent that discovery may show or demonstrate, all or part of Plaintiffs' claims have either been settled and adjudicated and, therefore, the doctrines of res judicata, collateral estoppel, payment and release, waiver, and accord and satisfaction bar Plaintiffs' claims against Integra.

43.     To the extent that the claims stated in Plaintiffs' Complaint have been settled, compromised or otherwise discharged, Integra is due a set-off.

44.     Plaintiffs fail to state a claim upon which attorneys' fees can be awarded.

45.     Integra adopts and relies upon all provisions and defenses afforded it under Restatement of Torts 2d § 402A, including the comments thereto.

46.     Integra reserves the right to raise all defenses provided in sections 2, 4, and 6 of the Restatement (Third) of Torts: Product Liability, if the Court finds that it is applicable in this case.

47.     The Dural Graft was acquired and sold by Integra in a sealed container and under circumstances in which it had no reasonable opportunity to inspect the product in such a manner which would or should in the exercise of reasonable care, reveal any existing defective condition and as such Integra has no liability.

48.     Plaintiffs' claims are barred by the Sophisticated User doctrine.

49.     Plaintiffs' claims are barred by lack of any detrimental reliance on any purported representations.

50.     Plaintiffs' claims, if any, are barred, reduced and/or limited pursuant to any other applicable limitations of awards, caps on recovery, and setoffs permitted by law, including, but not limited to California law regarding noneconomic loss or injury (California Civil Code Section 1431.2), and applicable California law related to amounts paid or provided by collateral sources.

51.     Integra adopts and relies upon all provisions and defenses afforded it under the United States Constitution, and the California Constitution.

52.     The Dural Graft was not in an unreasonably dangerous condition.

Case No. CV08-3164-EMC
ANSWER & DEFENSES OF DEF.  INTEGRA LIFESCIENCES CORP.  TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY
P:\Wdocs\HBMAIN\02608\00005\00315928.DOC-72808

53.     Any claim for strict liability based on a purported design defect theory is barred by *Brown v. Superior Court* (1988) 44 Cal.3d 1039, and its progeny.

54.     Integra's conduct was not the proximate or producing case of Plaintiffs' alleged injuries, if any.

55.     The Dural Graft alleged to be at issue was not defective in manufacture, design, or construction and it conformed to all representations made by Integra, if any.

56.     If Plaintiffs suffered or sustained any injuries, loss, or damage, as a result of the alleged incident referred to in Plaintiffs' Complaint, the same were a direct result of the Plaintiffs' failure to follow the reasonable advice of his health care providers.

57.     The injuries or damages sustained by Plaintiffs, if any, may be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained.

58.     Plaintiffs failed to exercise ordinary care under the circumstances in using the product and such failure was the substantial cause of the occurrence that caused injury or damage, if any, to Plaintiffs.

59.     Plaintiffs' Complaint fails to plead fraud with the required specificity.

60.     Plaintiffs' claims are barred by additional defenses that may arise during the course of litigation, which Integra reserves the right to assert.

61.     Integra incorporates the defenses of all others who are or may become parties to this action as though more fully set forth herein.

## **REQUEST FOR RELIEF**

WHEREFORE, having fully answered Plaintiffs' Complaint, and otherwise pled, Defendant Integra prays the Court as follows:

1.     Award to Integra its costs and attorneys' fees incurred in the defense of this action;

2.     Dismiss Plaintiffs' Complaint with prejudice and without costs to Integra; and

3.    For such other and further relief as the Court may deem just and equitable.

DATED:  July 28, 2008                    Respectfully submitted,

HASSARD BONNINGTON LLP

By /s/ Thomas M. Frieder
   Thomas M Frieder
   Attorneys for Defendant
   INTEGRA LIFESCIENCES
   CORPORATION

## DEMAND FOR TRIAL BY JURY

Integra hereby demands a trial by jury on all issues raised in Plaintiffs' Complaint.

DATED:  July 28, 2008                    Respectfully submitted,

HASSARD BONNINGTON LLP

By /s/ Thomas M. Frieder
   Thomas M Frieder
   Attorneys for Defendant
   INTEGRA LIFESCIENCES
   CORPORATION

-18-

## PROOF OF SERVICE

Case Name:    William Estheimer and Kristen Estheimer vs. Integra NeuroSciences, Inc. et al.

Court:    United States District Court
Northern District of California
San Francisco Division

Case No.:    **CV08-3164-EMC**

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.

3. On **July 28, 2008,** I served the following documents:

**ANSWER AND DEFENSES OF DEFENDANT INTEGRA LIFESCIENCES CORPORATION TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY**

4. I served the documents on the persons below as follows:

Nancy Hersh, Esq.
Hersh and Hersh
601 Van Ness Avenue
Suite 2080 San Francisco, CA  94102-6396
Telephone:  415.441.5544
Facsimile:  415.441.7586

5. The documents were served by the following means (specify):

_____ By personal service.  I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening. The time of service was _____.

__**X**__ By United States mail. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

-19-

1                ____ By overnight delivery. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at

2    the addresses in item 4. I placed the envelope package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight

3    delivery carrier.
                ____ By messenger service. I served the documents by placing them in an

4    envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by

5    the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

6                ____ By fax transmission.  I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

7                ____ By e-mail or electronic transmission. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I

8    caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any

9    electronic message or other indication that the transmission was unsuccessful.

10   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

11

12   Date:   **July 28, 2008**

13                                                  Esther Hom

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-20-