| | |
|---|---|
| 1 | HERSH AND HERSH |
| 2 | Nancy Hersh, Esq.<br>California State Bar No. 49091 |
| 3 | Amy Eskin, Esq.<br>California State Bar No. 127668 |
| 4 | 601 Van Ness Avenue, Suite 2080<br>San Francisco, CA  94102-6396 |
| 5 | Telephone:  (415) 441-5544<br>Facsimile:  (415) 441-7586 |
| 6 | E-mail:     nhersh@hershlaw.com |
| 7 |             aeskin@hershlaw.com |
| 8 | **Attorneys for Plaintiffs**<br>**WILLIAM ESTHEIMER and KRISTEN ESTHEIMER** |
| 9 | |
| 10 | DILLINGHAM & MURPHY, LLP<br>Rodrigo E. Salas, Esq. |
| 11 | California State Bar No. 194462<br>225 Bush Street, 6th Floor |
| 12 | San Francisco, CA  94104<br>Telephone:  (415) 397-2700 |
| 13 | Facsimile:  (415) 397-3300<br>E-mail:    res@dillinghammurphy.com |
| 14 | |
| 15 | **Attorneys for Defendant**<br>**SHELHIGH, INC.** |
| 16 | |
| 17 | HASSARD BONNINGTON LLP<br>Thomas M. Frieder, Esq. |
| 18 | California State Bar No. 95411<br>Two Embarcadero Center – Suite 1800 |
| 19 | San Francisco, CA  94111-3941<br>Telephone:  (415) 288-9800 |
| 20 | Facsimile:  (415) 288-9801<br>E-mail:  tmf@hassard.com |
| 21 | |
| 22 | ULMER & BERNE  LLP<br>Paul J. (P.J.) Cosgrove, Esq. |
| 23 | Ohio State Bar No. 73160 *(pro hac vice)*<br>600 Vine Street, Suite 2800 |
| 24 | Cincinnati, OH  45202-2409<br>Telephone: (513) 698-5000 |
| 25 | Fax: (513) 698-5001<br>E-mail:  pcosgrove@ulmer.com |
| 26 | |
| 27 | **Attorneys for Defendant**<br>**INTEGRA LIFESCIENCES CORPORATION** |
| 28 | |

Page No. 1 - CASE NO. CV 08 3164 PJH
STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS

UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM ESTHEIMER and KRISTEN ESTHEIMER,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>INTEGRA NEUROSCIENCES, INC., et al.,<br><br>　　　　　Defendants. | CASE NO. CV 08 3164 PJH<br><br>STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS<br><br>[JOINT STIPULATION BY ALL PARTIES & SIGNATURE ATTESTATION] |

**STIPULATED PROTECTIVE ORDER**

　　**WHEREAS,** discovery in this action may require the disclosure of testimony, documents, or other information considered by defendants to contain confidential, private, proprietary and/or trade secret information relating to defendants' and/or any current, former, or potential employee, client, customer, vendor or contractor of defendants; and

　　**WHEREAS,** the parties agree to provide the following mechanism for the exchange of such information in a manner that will protect its confidentiality and limit its dissemination;

　　**THE PARTIES THEREFORE STIPULATE AND AGREE AS FOLLOWS:**

　　1.　　For the purposes of this Stipulated Protective Order the term CONFIDENTIAL INFORMATION shall mean:

　　　　(a)　　Information, including information contained in documents and other materials, including without limitation, answers to interrogatories, responses to requests for production of documents, and responses to requests for admission which have been produced, or which may be produced or disclosed or otherwise provided by any party to this case or by its attorneys (or by any current or former officer, director, employee, attorney, consultant, expert, agent or other representative) when so designated by the producing party in response to a notice

1  of deposition, subpoena *duces tecum,* or any provision of the Federal Rules of Civil Procedure
2  governing discovery, the hearing and any appeal of this action; and which the producing party
3  reasonably believes contains proprietary, confidential, private, or trade secret information of the
4  producing party and/or any current, former, or potential employee, contractor, vendor, customer
5  or client of the producing party, or whose disclosure could result in competitive, financial,
6
7  personal, or commercial injury to the producing party;
8        (b)    Deposition testimony given in this case by defendants, or any of
9  defendants' current or former officers, directors, employees, attorneys, consultants, experts,
10 agents, or other representatives when so designated by the producing party; and which any
11 defendant reasonably believes contains proprietary, confidential, private, or trade secret
12 information of defendant and/or a current, former, or potential employee, vendor, contractor,
13
14 client, or customer of defendant, or whose disclosure could result in competitive, financial,
15 personal, or commercial injury to defendant;
16       (c)    Documents, materials or testimony, all copies or portions of transcripts,
17 and all summaries and abstracts of any information contained therein, whether produced by a
18 defendant or a third party to this action, when so designated by any defendant and which any
19 defendant reasonably believes contains proprietary, confidential, private, or trade secret
20 information of a party and/or any current, former, or potential employee or employees,
21
22 contractor, vendor, customer or client of the producing party, or whose disclosure could result
23 in competitive, financial, personal, or commercial injury to the affected party.
24     2.    CONFIDENTIAL INFORMATION in written or documentary form shall be
25 designated as CONFIDENTIAL INFORMATION by the producing party by (1) where
26 practicable, marking each page of the writing or document with the legend "CONFIDENTIAL –
27 Produced Pursuant to Stipulated Protective Order;" (2) where it is not practicable to mark each
28

page of the writing or document, by marking the box or container in which the writing or document is stored with the legend "CONFIDENTIAL – Produced Pursuant to Stipulated Protective Order" or (3) notifying the other parties in writing that specific writing or documents, described with as much particularity as reasonably possible, are CONFIDENTIAL INFORMATION.

3. The provisions of this Protective Order may also apply to other copies of documents designated as CONFIDENTIAL INFORMATION and testimony related thereto, which have been produced or which may be produced or disclosed during the course of this litigation by a third person or entity possessing such documents, materials or information in the case or during pre-hearing discovery of this action when so designated by a party.

4. CONFIDENTIAL INFORMATION may be used only for purposes of prosecuting or defending this case alone, and may be used in no other arbitration, action, case, litigation, lawsuit, or other proceeding, whether or not such other arbitration, action, case, litigation, lawsuit or other proceeding involves any of the same parties or counsel as this case.

5. CONFIDENTIAL INFORMATION may not be disclosed to any person other than:

(a) Counsel of record for plaintiffs and defendants in this case, and their partners, employees or associates to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this case;

(b) Plaintiffs, defendants, and defendants' officers, directors and employees who are assisting counsel, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the conduct of this case, and provided further that a party (or its officers, directors or employees) may retain CONFIDENTIAL INFORMATION only so long as necessary for the conduct of this case;

(c) Court Reporters while in the performance of their official duties;

(d) Independent expert(s) and consultant(s) retained by or associated with any party in order to assist that party's counsel in the conduct of this case, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance, and that such expert(s) or consultant(s) may retain CONFIDENTIAL INFORMATION only so long as is necessary for the performance of such assistance and may use such information only for providing assistance to counsel in this action;

(e) The Court or any administrative personnel of the Court, and

(f) The person(s) who actually prepared the CONFIDENTIAL INFORMATION or to whom the CONFIDENTIAL INFORMATION was addressed or delivered, but only to the extent that such disclosure is necessary for the conduct of this case and provided that such persons may not retain any CONFIDENTIAL INFORMATION.

6. The provisions of this Protective Order shall not apply to the designating party's own use of its CONFIDENTIAL INFORMATION.

7. Prior to the disclosure of any CONFIDENTIAL-INFORMATION to any person identified in paragraphs 5(b), (c) or (d) hereof, such person shall be furnished with a copy of this Protective Order and shall be required to execute the non-disclosure agreement attached hereto as Ex. A, certifying that he or she has read this Protective Order, understands it, and agrees to be bound by its terms and subjects himself or herself to the jurisdiction of the Court for the purpose of contempt proceedings in the event of any violation of this Protective Order. Counsel for the party disclosing CONFIDENTIAL INFORMATION shall maintain these written certifications, and they shall be available to opposing counsel for inspection and copying. In the event that disclosure is made to an undisclosed expert or consultant retained by that party in connection with the case, the identity of the undisclosed expert is that party

attorney's work product and need not be disclosed to opposing counsel even though the expert or consultant signs a written certification. Nevertheless, counsel for the party disclosing CONFIDENTIAL INFORMATION shall produce for inspection and copying, upon request by the other party, the written certification executed by the undisclosed expert or consultant with that person's name redacted.

8. In addition, to protect against unauthorized disclosure of confidential personal information or invasion of the physician-patient privilege and/or individual privacy interests or rights, the parties may redact from discovery materials names, addresses, and other identifying information pertaining to: research subjects or patients; reporters of adverse events or persons or entities identified in such reports; and other individuals or entities whose names and other identifying information are protected from disclosure by the FDA or defendant by the regulations of the Food, Drug & Cosmetics Act, including, but not limited to, 21 C.F.R. §20.63, 21 C.F.R. §20.111, 21 C.F.R. §20.112, 21 C.F.R. §50.25, 21 C.F.R. §314.80 and 21 C.F.R. §803.9, or by the regulations of the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

9. In the event that any of the information protected by the terms of this Protective Order is used in any proceeding in this action, including, without limitation, any hearing, the information shall not lose its confidential and privileged status through such use, and counsel shall take all steps reasonably required to protect the confidentiality of such document or testimony during such use.

10. No person shall make copies, extracts or summaries of CONFIDENTIAL INFORMATION except under the supervision of counsel when, in the judgment of counsel, such copies or other papers are necessary for the conduct of this case. Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying confidential status.

Counsel and all persons to whom CONFIDENTIAL INFORMATION is disclosed shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of such material.

11. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any CONFIDENTIAL INFORMATION. A party that seeks to file under seal any CONFIDENTIAL INFORMATION must comply with **Civil Local Rule 79-5**. In the event disclosure of sealed materials is sought, no portion of the materials thus sealed shall be released except upon notice to the producing party made by the party or non-party seeking disclosure, proof of which shall be made to the Court, and after a full opportunity for hearing upon the matter.

12. The parties shall confer in good faith prior to trial in an attempt to devise protective procedures to be applicable at trial that are satisfactory to the Court.

13. This Protective Order shall be without prejudice to the parties' right to bring before the Court at any time the question of whether any particular information is or is not discoverable or relevant to any issue in this case, is subject to a valid claim of attorney-client privilege, work product protection, or any other privilege, or whether any particular document or information should or should not be designated as CONFIDENTIAL INFORMATION for the purposes of this Protective Order.

14. Notwithstanding the entry by the parties hereto into this Protective Order, nothing prohibits Defendants from objecting to the disclosure of proprietary, confidential, private, or trade secret information, if requested by Plaintiffs through discovery or otherwise, or from seeking a further protective order prohibiting the disclosure of such information.

15. Nothing contained in this Protective Order shall be construed to constitute a

waiver of Defendants' right to claim that a document not designated as CONFIDENTIAL INFORMATION is in fact CONFIDENTIAL INFORMATION within the terms of this Protective Order. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL INFORMATION" does not, standing alone, waive the designating party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

16. This Protective Order shall not prevent the marking or the exhibition to a witness or the offering in evidence of any CONFIDENTIAL INFORMATION during depositions, but no copy of any CONFIDENTIAL INFORMATION shall be retained by any such witness and such use is subject to paragraph 7 of this Protective Order. Any party believing that a document, portions thereof, or witness testimony should remain confidential or sealed during trial must request in advance of trial that the Court take extraordinary measures consistent with this Court's Standing Order for cases involving sealed or confidential documents, such as closing the courtroom to the public or sealing the trial transcript, to protect the confidentiality of that information. The request must be made in writing and filed no later than the date on which pretrial papers are due.

17. Except as otherwise may be agreed by the parties, but not later than sixty (60) days after the termination of this case, whether by settlement, judgment, or appeal, all copies of CONFIDENTIAL INFORMATION shall be returned to counsel for Defendants or destroyed, except for material reasonably considered by Plaintiffs' counsel to be his or her work product. Counsel for Plaintiffs shall permanently obliterate or excise all CONFIDENTIAL INFORMATION contained in any such work product retained by him or her. Counsel shall

certify in writing to opposing counsel that all CONFIDENTIAL INFORMATION has been returned or destroyed.

IT IS SO STIPULATED.

Dated: February 23, 2009          HERSH & HERSH

By: /s/_____
Nancy Hersh

Attorneys for Plaintiffs

Dated: February 23, 2009          DILLINGHAM & MURPHY, LLP

By: /s/ [signature]
Rodrigo E. Salas

Attorneys for Shelhigh, Inc.

Dated: February 23, 2009          ULMER & BERNE LLP

By: /s/_____
Paul J. Cosgrove (*pro hac vice*)

Attorneys for Integra LifeSciences Corporation

### SIGNATURE ATTESTATION

I, Rodrigo E. Salas, counsel of record for Shelhigh, Inc., hereby attest that I have obtained written permission from each counsel of record herein to submit the instant Stipulation using the "conformed" signatures (/s/) within this e-filed document.

Dated: February 23, 2009          DILLINGHAM & MURPHY, LLP

By: [signature]
Rodrigo E. Salas

Pursuant to the above stipulation of the parties, and good cause appearing therefore,

**IT IS SO ORDERED.**

Dated: __February 25__, 2009     _____
                                  Judge Phyllis J. Hamilton

[Stamp: IT IS SO ORDERED / Judge Phyllis J. Hamilton / United States District Court, Northern District of California]

Page No. 9 - CASE NO. CV 08 3164 PJH
STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM ESTHEIMER and KRISTEN ESTHEIMER, | CASE NO. CV 08 3164 PJH |
| Plaintiffs, | NON-DISCLOSURE AGREEMENT |
| vs. | |
| INTEGRA NEUROSCIENCES, INC., et al., | |
| Defendants. | |

I, _____, hereby certify my understanding that CONFIDENTIAL INFORMATION is being provided to me pursuant to the terms and restrictions of a Stipulated Protective Order entered by the United States District Court for the Northern District of California, in connection with the action entitled *William Estheimer and Kristen Estheimer, v. Integra Neurosciences, Inc., et al.*, Case No. CV 08 3164 PJH.

I further certify that I have been provided a copy of and have read the Stipulated Protective Order. I understand that the Order prohibits me from either using or disclosing CONFIDENTIAL INFORMATION for any purpose other than as set forth in and pursuant to the Stipulated Protective Order entered by the Court. I hereby agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms and restrictions of the Stipulated Protective Order. I understand that violation of the Order is punishable as contempt of court.

Date: _____   _____
                                           Signature